1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC WILTON BURTON,

11             Plaintiff,              No. CIV S-07-0267 RRB EFB

12        vs.

13   HERNANDEZ, Warden, et al.,

14             Defendants.            <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  *See* 42

17   U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  This proceeding was referred to

18   this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee.  *See* 28 U.S.C.

21   § 1914(a).  An initial partial payment of $9.98 is assessed pursuant to section 1915(b)(1).

22   Plaintiff must make monthly payments of 20 percent of the preceding month's income credited

23   to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall

24   forward payments from plaintiff's account to the Clerk of the Court each time the amount in the

25   account exceeds $10 until the filing fee is paid.

26   /////

1    Plaintiff filed an initial complaint on February 9, 2007.  On May 16, 2007, plaintiff filed

2  a motion to amend his complaint.  In light of plaintiff's motion to amend, plaintiff's original

3  complaint is dismissed.  Plaintiff's motion to amend his complaint is denied as unnecessary, as a

4  plaintiff may amend his complaint once as of right at any time before a responsive pleading is

5  served.  *See* Fed. R. Civ. P. 15.  Further, plaintiff's motion to amend is defective, as plaintiff

6  failed to submit with it a proposed amended complaint. To proceed, plaintiff must file a proposed

7  amended complaint.

8    Any amended complaint must show that the federal court has jurisdiction and that

9  plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

10  allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

11  defendant only persons who personally participated in a substantial way in depriving plaintiff of

12  a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

13  subjects another to the deprivation of a constitutional right if he does an act, participates in

14  another's act or omits to perform an act he is legally required to do that causes the alleged

15  deprivation).

16    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

17  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

18  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

19  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

20    The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

21  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

22  heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

23  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

24    Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

25  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

26  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

2

1 claim."); Fed. R. Civ. P. 8.

2      Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument,

3 speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

4 defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

5 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

6 *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

7 Civil Procedure is fully warranted" in prisoner cases).

8      A district court must construe pro se pleading "liberally" to determine if it states a claim

9 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

10 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

11      The court (and defendant) should be able to read and understand plaintiff's pleading

12 within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many

13 defendants with unexplained, tenuous or implausible connection to the alleged constitutional

14 injury or joining a series of unrelated claims against many defendants very likely will result in

15 delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

16 pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

17      An amended complaint must be complete in itself without reference to any prior

18 pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff

19 files an amended complaint, the original pleading is superseded.

20      Plaintiff is admonished that by signing an amended complaint he certifies he has made

21 reasonable inquiry and has evidentiary support for his allegations and that for violation of this

22 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R.

23 Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

24 be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Code

25 Regs. tit. 15, § 3005.

26 /////

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Plaintiff filed a motion for summary judgment before filing his motion to amend his complaint.  Because plaintiff seeks to amend, the court is unable to discern the issues and parties upon which plaintiff moves for summary judgment.  Plaintiff's motion is therefore denied without prejudice to its refiling at such a time as there is an operative complaint upon which to proceed.

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed *in forma pauperis* is granted.

2.  Plaintiff shall pay the statutory filing fee of $350 and shall make an initial payment of $9.98.   All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's February 9, 2007, complaint is dismissed with leave to amend.

4.  Plaintiff's May 16, 2007, motion to amend his complaint is denied as unnecessary.  Plaintiff may file an amended complaint within 30 days.  Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to file an amended complaint will result in a recommendation this action be dismissed without further leave to amend for failure to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

////

////

5.  Plaintiff's motion for summary judgment is denied without prejudice.

Dated:  October 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE