IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC WILTON BURTON,

      Plaintiff,                       No. CIV S-07-0267 RRB EFB P

      vs.

HERNANDEZ, Warden, et al.,

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He filed his initial complaint on February 9, 2007. On May 16, 2007, he filed a motion to amend his complaint. On October 9, 2007, the court ordered the original complaint dismissed and denied his May 16, 2007, motion to amend because of the failure to include a proposed amended complaint. That order directed plaintiff to again file a proposed amended complaint within thirty days. Rather than do so, on October 15, 2007, plaintiff filed a motion to reinstate his original complaint.

      The court has reviewed that complaint and finds it to be wholly illegible. The court is therefore unable to reasonably discharge its duty pursuant to 28 U.S.C. § 1915A. To proceed, plaintiff must submit a legibly handwritten or typed amended complaint.

/////

1

Rule 8 of the Federal Rules of Civil Procedure requires the pleader to set forth his averments in a simple, concise, and direct manner.[1] The degree of simplicity and conciseness required depends on the subject matter of the litigation, the nature of the claims or defenses presented and the number of parties involved. Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint).[2]

In reviewing the complaint to determine if it states a claim for relief, the court will construe plaintiff's pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court will not dismiss a complaint without first identifying the deficiencies and giving plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

But before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. *See, McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also, Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

Plaintiff's complaint violates Rule 8(a) of the Federal Rules of Civil Procedure.

////

---

[1] A party need only plead in terms that are sufficient to provide the necessary notice to his adversary, and evidentiary material supporting the general statements normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process. Wright & Miller § 1281 Rule 8 p. 519.

[2] In this regard, the mere fact that this action falls into the exclusive category the court must screen under § 1915A dictates a strict interpretation of whether the pleading is sufficiently short and plain. The undersigned has at least 200 such cases on his docket at any one time. One poorly-pleaded, 30-page prisoner complaint, multiplied by 200, yields 6,000 pages of material this court has an affirmative duty to review and screen (not to mention the frequency with which a pro se prisoner's pleading must go through amendment before service of process). Both the defendants *and* the court must select the relevant material from the mass of verbiage. "[T]he law does not require nor does justice demand that a judge must grope through [thousands of] pages of irrational prolix and redundant pleadings, containing matters foreign to the issue involved . . . in order to determine the grounds for the [plaintiff's] complaint." *Passic v. Michigan*, 98 F. Supp. 1015, 1016-17 (D.C. Mich. 1951).

In reviewing plaintiff's complaint, the court is required to guess who is being sued for what. If the pleading were served in its present form it would not give defendants fair notice of the claims against them and their best guess about the nature of plaintiff's complaint may be quite different than the court's. *See, McHenry v. Renne*, 84 F.3d 1172, 1170-78 (9th Cir. 1996) (court should be able to read the complaint in minutes, not hours, and may consider the rights of defendants to be free from costly and harassing litigation and other litigants waiting their turns to have other matters resolved); *see also, Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674-75 (9th Cir. 1971); *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d 1047, 1049-50 (9th Cir. 1971).

Plaintiff need not identify the law that makes the alleged conduct wrong. He may use his own language to state, simply and directly, the wrong that has been committed and clearly explain how each state actor identified as a defendant was involved and what relief plaintiff requests of each defendant. *Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984); *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).

Accordingly, if plaintiff wishes to continue this litigation he must file an amended complaint.

Plaintiff's amended complaint must adhere to the following requirements:

A complaint must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

More than one claim against a single defendant may be joined in the same action. Fed. R. Civ. P. 18(a).

Claims against different defendants may be joined in the same action only if the claims arise from the same transactions or occurrences. Fed. R. Civ. P. 20(a).

Each claim founded upon a separate transaction or occurrence must be set apart as a "separate count." Within each count, the circumstances that give rise to the claim must be alleged in separate, numbered paragraphs. Fed. R. Civ. P. 10(b).

These allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).[3]

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a).

The amended complaint must be complete in itself without reference to plaintiff's original complaint. Local Rule 15-220.

A prisoner pursuing civil rights claims without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). His failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice. *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute);

---

[3] Negligence is not actionable under 42 U.S.C. § 1983. However, to illustrate the simplicity and brevity of statement contemplated by the rules (*see* Fed. R. Civ. P. 84), this example of a complaint based upon an automobile accident is provided:

> 1. Allegation of jurisdiction.
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.
> 3. As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
> Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.

Form 9, Appendix of Forms to the Federal Rules of Civil Procedure.

1 *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

    Accordingly, it hereby is ordered that plaintiff's complaint is dismissed with leave to amend within 60 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in a recommendation the action be dismissed and, if warranted, that dismissal will be with prejudice.

Dated: December 3, 2007.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE