1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC WILTON BURTON,

11          Plaintiff,                    No. CIV S-07-0267 RRB EFB P

12      vs.

13   HERNANDEZ, Warden, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42

17   U.S.C. § 1983.  Plaintiff filed an initial complaint on February 9, 2007.  On May 16, 2007,

18   plaintiff filed a motion to amend his complaint but did not include a copy of an amended

19   complaint.  The order filed October 9, 2007, instructed plaintiff to file an amended complaint.

20   On October 15, 2007, plaintiff filed a motion seeking to reinstate his original complaint.  Good

21   cause appearing, the court will now screen the complaint.

22          Plaintiff's complaint is so illegible the court is unable to discharge its duty pursuant to 28

23   U.S.C. § 1915A, requiring the court to screen the complaint.  To proceed, plaintiff must file an

24   amended complaint.

25          Any amended complaint must show that the federal court has jurisdiction and that

26   plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

1

1  allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

2  defendant only persons who personally participated in a substantial way in depriving plaintiff of

3  a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

4  subjects another to the deprivation of a constitutional right if he does an act, participates in

5  another's act or omits to perform an act he is legally required to do that causes the alleged

6  deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

7  participants and allege their agreement to deprive him of a specific federal constitutional right.

8       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

9  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

10  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

11  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

12       The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

13  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

14  heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

15  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

16       Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

17  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

18  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

19  claim."); Fed. R. Civ. P. 8.

20       Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument,

21  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

22  defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

23  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

24  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

25  Civil Procedure is fully warranted" in prisoner cases).

26  /////

1     A district court must construe pro se pleading "liberally" to determine if it states a claim

2 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

3 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However,

4 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

5 the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

6 *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

7     A prisoner who claims his Eighth Amendment guarantee against cruel and unusual

8 punishment has been violated by inadequate medical care must allege that on a specific day an

9 identified state actor with individual responsibility for obtaining or providing medical care knew

10 the prisoner faced substantial risk of serious harm but deliberately disregarded the risk by failing

11 to take reasonable measures resulting in avoidable persistent severe pain or avoidable substantial

12 personal injury. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825,

13 837 (1994).

14     To state a claim defendants provided constitutionally inadequate medical care, plaintiff

15 must allege acts or omissions evidencing identified defendants knew of and disregarded

16 plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v.*

17 *Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general

18 disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106;

19 *Hutchinson v. United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d

20 330, 331 (9th Cir. 1996).

21     The court (and defendant) should be able to read and understand plaintiff's pleading

22 within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many

23 defendants with unexplained, tenuous or implausible connection to the alleged constitutional

24 injury or joining a series of unrelated claims against many defendants very likely will result in

25 delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

26 pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

1    An amended complaint must be complete in itself without reference to any prior

2 pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

3 files an amended complaint, the original pleading is superseded.

4    Plaintiff is admonished that by signing an amended complaint he certifies he has made

5 reasonable inquiry and has evidentiary support for his allegations and that for violation of this

6 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.

7 Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

8 be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code

9 Regs. tit. 15, § 3005.

10    A prisoner may bring no § 1983 action until he has exhausted such administrative

11 remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

12 *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

13 amended complaint he certifies his claims are warranted by existing law, including the law that

14 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

15 his action.

16    Accordingly, the complaint is dismissed with leave to amend within 30 days.  Plaintiff

17 shall file an original and one copy of the amended complaint, which must bear the docket

18 number assigned to this case and be titled "First Amended Complaint."  Failure to file an

19 amended complaint will result in a recommendation this action be dismissed for failure to state a

20 claim.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed

21 with service of process by the United States Marshal.

22 Dated:  February 8, 2008.

23 _____
   EDMUND F. BRENNAN
24 UNITED STATES MAGISTRATE JUDGE

25

26